UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| In re: RYAN M. POGOZALSKI, | ) | Case No. 1:24-14587-CLC |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| HILLS DEVELOPERS, INC. | ) | Adv. Pro. No. _____ |
| and | ) | |
| VANTAGE ANDERSON, LLC | ) | |
| and | ) | |
| THE RESIDENCES AT CLOCKTOWER, LLC | ) | |
| and | ) | |
| GRAPHITE OAKLEY, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| RYAN M. POGOZALSKI, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT SEEKING EXCEPTION TO DISCHARGE PURSUANT TO
11 U.S.C. §523 (a)(2)(A) AND (B), (4) AND (6) AND FOR MONETARY JUDGMENT

Come now Plaintiffs Hills Developers, Inc. ("Hills"), Vantage Anderson, LLC ("Vantage"), The Residences at Clocktower, LLC ("Clocktower") and Graphite Oakley, LLC ("Graphite") and for their Complaint against Defendant Ryan M. Pogozalski say as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334 and §157.

2. This matter is a core proceeding pursuant to 28 U.S.C. §157.

3. Plaintiffs consent to entry of final orders and or judgments by this Court.

4. Hills is an Ohio corporation doing business from its principal place of business at 4901 Hunt Road, Suite 300, Cincinnati, Ohio 45242.

5. Vantage is an Ohio limited liability company and is developing the Vantage Anderson apartment complex in Anderson Township, Hamilton County, Ohio (the "Vantage

{}

Project").

6. Clocktower is an Ohio limited liability company and is developing The Residences at Clocktower apartment complex in Butler County, Ohio (the "Clocktower Project").

7. Graphite is an Ohio limited liability company and is developing the Graphite Oakley apartment complex in Cincinnati, Ohio (the "Graphite Project")(the Vantage Project, the Clocktower Project and the Graphite Project, collectively, the "Projects").

8. At all times relevant hereto Defendant was the President and sole shareholder of Servall Electric Company, Inc., an Ohio corporation ("Servall").

9. Defendant filed a petition under Chapter 7 of the Bankruptcy Code in the captioned case number 1:24-14587-CLC on May 10, 2024 (the "Chapter 7 Case").

10. Each of the Plaintiffs is a named creditor in the Chapter 7 Case.

11. Servall and Vantage entered into a certain Contract for Construction Services dated May 18, 2022 in the amount of $3,093,200.00 for Servall to provide materials, labor and services for construction of Vantage Anderson (the "Servall-Vantage Contract").

12. Servall and Clocktower entered into a certain Contract for Construction Services dated August 27, 2021 in the amount of $1,856,000.00 for Servall to provide materials, labor and services for construction of The Residences at Clocktower (the "Servall-Clocktower Contract").

13. Servall and Graphite entered into a certain Contract for Construction Services dated September 14, 2021 in the amount of $1,782,800.00 for Servall to provide materials, labor and services for construction of Graphite Oakley (the "Servall-Graphite Contract")(the Servall-Vantage Contract, the Servall-Clocktower Contract and the Servall-Graphite Contract, collectively, the "Servall Contracts").

14. Hills is the construction manager for Vantage, Clocktower and Graphite respectively on each of the Projects and at all times relevant hereto acted as the agent and representative for

2

each of the three other Plaintiffs with regard to their respective Projects and the Servall Contracts.

15. Servall breached the Servall Contracts in numerous ways (collectively, the "Servall Breaches").

16. Defendant converted monies paid by Plaintiffs to Servall designated for Servall to pay to third parties for electric wire, equipment and gear that Servall was to acquire and use in performing the Servall Contracts.

17. Defendant intended from the outset to use monies paid by Plaintiffs to Servall on the Servall Contracts to sustain and complete other projects unrelated to Plaintiffs.

18. Through a scheme of accounting and billing protocols Defendant intentionally caused confusion as to the source, status, approval, ownership, and location of goods and services allegedly provided by Servall to Plaintiffs pursuant to the Servall Contracts.

19. Defendant specifically and variously represented to Plaintiffs, both orally and in writing, as follows:

> A. Servall was financially and operationally capable of entering into and completing the Servall Contracts;
>
> B. Servall would purchase materials for the Projects with funds paid to Servall by Plaintiffs.
>
> C. materials purchased by Servall with funds received from Plaintiffs would be delivered to and used in the Projects;
>
> D. materials for the Projects had been purchased and "Paid in Full";
>
> E. Servall would keep the Projects lien free;
>
> F. Servall had paid all material suppliers and subcontractors on the Projects in full on a timely basis.

(collectively, "Defendant's Representations").

20. All of Defendant's Representations were false.

## First Claim
### (523 (a)(2)(A))

21. Plaintiffs incorporate by reference thereto paragraphs 1 through 20 inclusive above as if the same were more fully rewritten herein.

22. Plaintiffs, and each of them, justifiability relied upon Defendant's Representations.

23. Defendant intended to deceive Plaintiffs, and each of them, and Defendant knew, or should have known, that each of Defendant's Representations were false.

24. Defendant's Representations were made with reckless disregard as to the truthfulness of Defendant's Representations.

25. Defendant caused the payments to be made by Plaintiffs to Servall by false pretenses, false representations or actual fraud made and committed by Defendant.

26. As a direct and proximate result of the above stated actions by Defendant, Plaintiffs have been injured and damaged in an amount not yet fully determined or determinable but reasonably believed to be in an amount in excess of $7,284,578.55 (the "523 (a)(2)(A) Damages").

## Second Claim
### (523 (a)(2)(B))

27. Plaintiffs incorporate by reference thereto paragraphs 1 through 26 inclusive above as if the same were more fully rewritten herein.

28. Defendant's Representations respecting the financial condition of Servall which were made in writing (collectively, the "Defendant's Representations in Writing") were materially false.

29. Plaintiffs reasonably relied on Defendant's Representations in writing.

30. Defendant caused Defendant's Representations in writing to be made to Plaintiffs with an intent to deceive Plaintiffs.

31. As a direct and proximate result of the above stated actions by Defendant, Plaintiffs have been injured and damaged in an amount not yet fully determined or determinable but reasonably believed to be in an amount in excess of $7,284,578.55 (the "523(a)(2)(B) Damages").

### Third Claim
### (523 (a)(4))

32. Plaintiffs incorporate by reference thereto paragraphs 1 through 31 inclusive above as if the same were more fully rewritten herein.

33. Defendant with intent to wrongfully permanently deprive or defraud Plaintiffs of the use and benefit of property of Plaintiffs, and either of them, including both money and materials, and or to appropriate it to his own use or the use of Servall did so wrongfully permanently deprive and defraud and or appropriate such property.

34. As a direct and proximate result of the above stated actions by Defendant, Plaintiffs have been injured and damaged in the amount not yet fully determined or determinable but reasonably believed to be in an amount in excess of $7,284,578.55 (the "523 (a)(4) Damages").

### Fourth Claim
### (523 (a)(6))

35. Plaintiffs incorporate by reference thereto paragraphs 1 through 34 inclusive above as if the same were more fully rewritten herein.

36. Defendant caused willful and malicious injury to Plaintiffs and to the Projects, inter alia, by diverting money and materials paid for by Plaintiffs to and for third persons and not to the Projects and to the purposes for which they were paid and furnished.

37. As a direct and proximate result of the above stated actions by Defendant, Plaintiffs have been injured and damaged in an amount not yet fully determined or determinable but reasonably believed to be in an amount in excess of $7,284,578.55 (the "523 (a)(6) Damages").

WHEREFORE, Plaintiffs pray the Court enter judgment in their favor and against Defendant as follows:

A. Determine that the 523 (a)(2)(A) Damages are an exception to discharge pursuant to 11 U.S.C. § 523 (a)(2)(A).

B. Determine that the 523 (a)(2)(B) Damages are an exception to discharge pursuant to 11 U.S.C. § 523 (a)(2)(B).

C. Determine that the 523 (a)(4) Damages are an exception to discharge pursuant to 11 U.S.C. § 523 (a)(4).

D. Determine that the 523 (a)(6) Damages are an exception to discharge pursuant to 11 U.S.C. § 523 (a)(6).

E. Grant a monetary judgment against Defendant in favor of Hills in the amount the 523(a)(2)(A) Damages.

F. Grant a monetary judgment against Defendant in favor of Hills in the amount the 523(a)(2)(B) Damages.

G. Grant a monetary judgment against Defendant in favor of Hills in the amount the 523(a)(4) Damages.

H. Grant a monetary judgment against Defendant in favor of Hills in the amount the 523(a)(6) Damages.

I. Grant to Plaintiffs all other relief to which Plaintiffs may be entitled at law or in equity.

August 12, 2024.

Respectfully submitted,

/s/ Christopher D. Cathey
Christopher D. Cathey
Florida Bar No. 0663255
Taylor English Duma LLP
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2050
Miami, Florida 333131
Phone: (786) 840-1444
Fax: (770) 434-7376
Email: ccathey@taylorenglish.com
Attorney for Plaintiffs